McKEAN AUTO COMPANY, Respondent, v. G & G RUG & FURNITURE COMPANY, Appellant.

(269 N. W. 375.)

(File No. 7978.   Opinion filed October 26, 1936.)

*Cherry & Braithewaite,* of Sioux Falls, for Appellant.
*T. R. Johnson,* of Sioux Falls, for Respondent.

PER CURIAM. On the afternoon of December 24, 1934, at about 5:45 o'clock, the truck of defendant corporation, driven and operated upon its business by its employee, collided with the automobile of plaintiff corporation, driven and operated upon its business by its employee, at a street intersection in the city of Sioux Falls.

Claiming that defendant's employee was negligent while its employee was free from fault, plaintiff instituted the present action in municipal court in the city of Sioux Falls to recover damage resulting to its motor vehicle from the collision. Defendant answered, pleading, inter alia, contributory negligence on the part of plaintiff's servant, and the case was tried to the court without a jury. Findings, conclusions, and judgment were in favor of plaintiff, awarding damages in the amount of $214.50, together with costs, from which judgment and from a denial of its application for new trial defendant has appealed.

Certain objections made by respondent to the form of appellant's brief and to the sufficiency of appellant's assignments of error are entirely without merit.

Appellant, conceding for the purposes of the appeal the negligence of its employee, maintains that the employee of respondent was guilty of contributory negligence, and, consequently, that there should be no recovery. To set forth the evidence or discuss it in detail seems unnecessary. Upon the undisputed facts, taking all the testimony introduced by respondent as unqualifiedly true, and assuming the negligence of appellant's employee, we are convinced that respondent's employee, fully accepting his own story as to his acts and conduct immediately prior to the collision, was guilty of contributory negligence as a matter of law. The facts are not really controverted as to any important or material particulars, and they present a clear case where it must be said, we think, as a matter of law, that both drivers were negligent and that the negligence of each contributed to and constituted a part of the proximate cause of the collision, and neither party is entitled to recover against the other.

The judgment and order appealed from are therefore reversed, and the cause remanded, with directions to the trial judge to take appropriate steps in harmony with this opinion.

All the Judges concur.